IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JULIA DUENAS,
    Plaintiff,

v.                                                  CAUSE NO. 3:17-CV-00081

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
    Defendant.

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

    Plaintiff JULIA DUENAS ("Employee Duenas"), files this Original Complaint complaining of Defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("Employer TDCJ") and respectfully shows as follows:

**I. PARTIES**

1. Plaintiff, JULIA DUENAS, is an individual residing in El Paso, Texas.

2. Defendant, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, is an entity who may be served with process by serving its registered agent, Brad Livingston, TDCJ, 861 B. IH 45 North, Huntsville, Texas 77320.

**II. JURISDICTION**

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

**IV. CHRONOLOGY OF FACTS**

4. Employers MUST prevent sexual harassment, including sexual assault, by coworkers at work to protect employees, like all of us, from emotional trauma and financial injuries.

5. Employers MUST prevent retaliation against employees who report and oppose sexual harassment, including sexual assault by coworkers, at work to protect employees, like all of us, from financial injuries and emotional trauma.

6. Employers MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

7. Employers MUST prevent retaliatory job terminations against employees who take disability and medical leave to protect employees, like all of us, from financial injuries and emotional trauma.

8. Texas Department of Criminal Justice is an employer.

9. Employer TDCJ MUST prevent sexual harassment at work to protect employees, like all of us, from financial injuries and emotional trauma.

10. Employer TDCJ MUST prevent retaliation against employees who report and oppose sexual harassment at work to protect employees, like all of us, from financial injuries and emotional trauma.

11. Employer TDCJ MUST prevent disability discrimination at work to protect employees, like all of us, from financial injuries and emotional trauma.

12. Employer TDCJ MUST prevent retaliatory job terminations against employees who take disability and medical leave to protect employees, like all of us, from financial injuries and emotional trauma.

13. On February 15, 2007, Employer TDCJ hires a female as a Correctional Officer V.

14. Seven years later, between August 2014 and June 2015, Employer TDCJ Sergeant Aaron Arellano and the female employee have a consensual relationship.

15. In June 2015, the female employee ends the consensual relationship with Employer TDCJ Sergeant Arellano.

16. In June 2015, after the female employee ends the relationship, Employer TDCJ Sergeant Arellano pushes the female employee into the female restroom, closes the door and forces the female employee to perform oral sex on him.

17. After the female employee ends the relationship, Sergeant Arellano touches the female employee inappropriately on several occassions.
18. After the female employee ends the relationship, Sergeant Arellano harasses the female employee, threatening her that he will make her life miserable at work if she does not agree to meet him after work.
19. After the female employee ends the relationship, Sergeant Arellano, who is part of the Security Threat Group and deals with gang members on a daily basis, threatens the female employee by telling her that he knows gang members who owe him favors.
20. After the female employee ends the relationship, Sergeant Arellano, who knows that the female employee's uncle died in a gang-related murder, threatens the female employee by telling her, "If it happened to your uncle, what makes you think it won't happen to you."
21. After the female employee ends the relationship, Sergeant Arellano threatens the female employee that she will lose her job if she does not get back together with him.
22. In October 30, 2015, the female employee reports the constant harassment to Employer TDCJ Warden Adrian Amonett.
23. In October 30, 2015, the female employee files a complaint with the EEOC.
24. About four months later, in February 2016, the female employee's doctor advises the female employee to request medical leave for the female employee's own serious health conditions of Anxiety, Depression and Diverticulitis, which are related to emotional trauma from the continuing sexual harassment and retaliation by TDCJ and its employees.
25. In February 2016, Employer TDCJ Liutenant Mark Segura and HR Rosa Rivas approve the female employee's medical leave as FMLA leave.
26. Between February 23, 2016 and March 11, 2016, Employer TDCJ is on notice that the female employee is on approved FMLA medical leave when Employer TDCJ approves the leave.

27. Between March 23, 2016 and April 14, 2016, Employer TDCJ is on notice that the female employee is on approved FMLA medical leave when Employer TDCJ approves the leave.

28. On April 5, 2016, while the female employee is on FMLA approved leave, Employer TDCJ Warden Glen H. Whitfield terminates the female employee from her position as Correctional Officer V supposedly because of "on-duty misconduct".

29. The employee who Employer TDCJ terminates is Julia Duenas.

### V. CAUSES OF ACTION:

#### *A. Sex Discrimination and Sexual Harassment*

30. Employee Duenas incorporates all allegations made elsewhere in this complaint.

31. Employee Duenas is an employee within the meaning of 42 U.S.C. section 2000e-5 *et seq.*.

32. Employer TDCJ is an employer within the meaning of 42 U.S.C. section 20000e-5 *et seq.*.

33. Employer TDCJ's conduct as described above was extreme and outrageous under the circumstances Employer TDCJ acted intentionally and recklessly.

34. Employer TDCJ's conduct caused Employee Duenas severe emotional distress and bodily injury.

35. Employer TDCJ Sergeant Arellano made unwanted bodily contact with Employee Duenas when he touched her inappropriately. Employer TDCJ Sergeant Arellano's bodily contact caused Employee Duenas substantial injuries.

36. Employer TDCJ discriminated, retaliated against, and fired Employee Duenas in violation of Title VII of the Civil Rights Act of 1964, which protects employees from sex discrimination and sexual harassment.

37. Employer TDCJ failed to protect Employee Duenas from sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964.

### *B. Disability Discrimination*

38. Plaintiff was discriminated, retaliated against, and fired in violation of the Americans with Disabilities Act of 1990, the Americans with Disabilities Amendments Act of 2008.

### *C. Family and Medical Leave Act*

39. Employee Duenas was an eligible employee as defined by 29 U.S.C. section 2611 of the FMLA because Employee Duenas worked for Employer TDCJ for at least 12 months and for at least 1250 hours of service during the previous 12 month period before Employee Duenas first took and/or requested FMLA leave.

40. Employee Duenas was also an "individual" (as distinct from an "eligible employee") entitled to be free from discrimination and relation as set out in 29 U.S.C. section 2615(a)(2), (b).

41. Employer TDCJ is a "person" under the FMLA.

42. Employer TDCJ violated the FMLA with respect to Employee Duenas in the following and other respects:

    A. Employer TDCJ fired Employee Duenas on or about April 5, 2016, without providing her the leave entitlement and benefits guaranteed by the FMLA because of her own serious health condition;

    B. Employer TDCJ willfully interfered with, restrained or denied Employee Duenas' exercise or Employee Duenas' attempts to exercise her rights provided by FMLA on and before April 5, 2016; and

    C. Employer TDCJ discriminated and/or otherwise retaliated against Employee Duenas in violation of the FMLA.

DAMAGES

43. Employee Duenas seeks statutory damages, back pay, front pay and/or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Employe Duenas is entitled under Title VII, the ADA, and the ADAAA.

44. Under the FMLA, Employee Duenas seeks reinstatement and or injunctive relief to enjoin TDCJ from employing retaliatory and discriminatory policies and practices against employees whom are entitled to the benefits and protections of the FMLA, attorney's fees and such other and further relief to which she is entitled in law and in equity. UNDER THE FMLA, EMPLOYEE DUENAS DOES NOT SEEK MONETARY DAMAGES FOR HER REQUEST FOR LEAVE FOR HER OWN SERIOUS HEALTH CONDITION.

## VI. NOTICE OF RIGHT TO SUE

45. Attached as Exhibit A is the Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

## VIII. JURY TRIAL DEMAND

46. Plaintiff requests that this case be decided by a jury as allowed by the Federal Rules of Civil Procedure 38.

**PRAYER**

Plaintiff prays that she recover from Defendant monetary relief over $200,000.00 but not more than $1,000,000.00, statutory damages, liquidated damages, special damages, punitive damages as determined by the jury, back pay, front pay, mental anguish damages, attorney's fees, plus prejudgment interest, post-judgment interest AS ALLOWED BY LAW, and such other and further relief to which Plaintiff may show to be justly entitled, in law and in equity. Such damages sought by Plaintiff are within the jurisdictional limits of the court.

SIGNED on this __17__ day of March, 2017.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By: _____

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
Miguel Hernandez
MiguelHernandez@Chavezlawpc.com
State Bar No.: 24090161
Attorneys for Plaintiff